FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 31 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------- X

JEAN B. MODE,

                                        Plaintiff, **COMPLAINT**

          -against-

THE CITY OF NEW YORK; SGT. HOPKINS CLAREN; **CV11-2603**
P.O. ERIC RUIZ, SHIELD #24356; P.O. JOHN DOE    ECF Case
#1; the individual defendant(s) sued
individually and in their official    Jury Trial Demanded
capacities,

                                    Defendants. **VITALIANO, J.**

---------------------------------------------- X

**LEVY M J**

### PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. §§ 1983 and 1985(3); and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claims arise from incidents that arose on or about May 31, 2008. During the incidents, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, excessive force, false arrest, unlawful search and seizure, retaliation for free speech, conspiracy, malicious prosecution, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

5. Plaintiff Jean B. Mode is a resident of the State of New York, Kings County.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. Defendant Sgt. Hopkins Claren is a New York City Police Officer, employed with the 71st Precinct, located in Brooklyn, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8. Defendant P.O. Eric Ruiz is a New York City Police Officer, assigned Shield No. 24356, employed with the 71st Precinct, located in Brooklyn, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

9. Defendant P.O. John Doe #1 is a New York City Police Officer, assigned Shield No. 24356, employed with the 71st Precinct, located in Brooklyn, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

10. The individual defendants are sued in their individual and official capacities.

### STATEMENT OF FACTS

11. On May 31, 2008, at and in the vicinity of 1096 Nostrand Avenue, Brooklyn, New York, the 71st Precinct, Kings County Hospital, and Brooklyn Central Booking, several police officers operating from the 71st Precinct, located in Brooklyn, New York, including upon information and belief, defendants Sgt. Hopkins Claren, P.O. Eric Ruiz, Shield #24356, and P.O. John Doe #1, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

12. On May 31, 2008, at approximately 11:30 p.m., at and in the vicinity of 1096 Nostrand Avenue, Brooklyn, New York, defendants, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime unlawfully detained plaintiff while he was lawfully outside of his home.

13. Once the defendants detained him, plaintiff was not free to disregard their questions, walk away or leave the scene.

14. Thereafter, the defendants, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable

suspicion that plaintiff (or any third person) had committed a crime falsely arrested plaintiff.

15. Plaintiff complained about the defendants' conduct, telling the defendants that he had not committed any crimes and that the defendants were acting unlawfully against him.

16. During the arrest of plaintiff, defendants committed excessive force against plaintiff by, among other things, maliciously, gratuitously, and unnecessarily punching him in the chest, grabbing him about the collar, placing excessively tight handcuffs on plaintiff's wrists, sweeping his legs out with an asp, kneeing plaintiff in the back, and repeatedly striking plaintiff's hands with an asp. Those defendants who did not touch him, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

17. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

18. Plaintiff was physically injured as a result of the excessive use of force, and suffered marks to his body, sprains and pain.

19. After plaintiff was placed in handcuffs, the defendants unlawfully searched him.

20. As a result of the search of plaintiff, no drugs, contraband, or other criminal evidence was recovered. Nevertheless,

4

plaintiff was taken to the 71st Precinct, located in Brooklyn, New York for arrest processing.

21. While plaintiff was being mistreated he complained of the defendants' illegal actions. Among other improper reasons, defendants were motivated to falsely arrest plaintiff, because of plaintiff's exercise of free speech.

22. While claimant was in custody, because of his severe injuries that were caused by the defendants' illegal conduct, he was taken to Kings County Hospital for treatment. While claimant was at Kings County Hospital, X-Rays were taken and medication was provided to plaintiff. Plaintiff was thereafter returned to the 71st Precinct.

23. In order to cover up their illegal actions, defendants, pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed various crimes.

24. Based upon the defendants' false allegations, the Kings County District Attorney's Office prosecuted plaintiff under docket 2008KN040873, at arraignment, plaintiff was released on his own recognizance.

25. Plaintiff spent over 24 hours in custody.

26. Plaintiff was required to defend himself against the charges until eventually they were dismissed.

27. The aforesaid events are not an isolated incident. Defendant City of New York is aware (from lawsuits, notices of claim, and complaints) that many of the NYPD's officers are insufficiently

trained on the proper way to stop a vehicle, investigate an incident, determine if probable cause exists, use force, respond to complaints about their conduct, and treat innocent and/or uninvolved individuals who are at an incident scene and/or investigation location.

28. Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, City of New York has failed to take corrective action. This failure caused the defendants in the present case to injure plaintiff, violate the law, and violate the plaintiff's rights.

29. Moreover, defendant City of New York was aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed. Despite such notice, defendant has retained these individuals, and failed to adequately train and supervise them.

30. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop and/or arrest innocent individuals, based on pretexts, in order to meet productivity goals, in minority and low income neighborhoods, such as occurred here.

31. At all times defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, and recklessly trained the individual defendants for the position of police officers.

32. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, and recklessly

supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

33. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees caused, permitted and allowed the individual defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

34. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees carelessly and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

35. The occurrence(s) and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, and/or intentional conduct of the defendant City of New York and its agents, servants and/or employees, as set forth above, without provocation on the part of the plaintiff contributing thereto, specifically, the intentional and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained the individual defendants.

36. The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

37. Plaintiff did not resist arrest at any time during the above incidents.

7

38. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

39. The individual defendants did not observe plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

40. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

41. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

42. As a direct and proximate result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

43. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

### FIRST CLAIM

### (FALSE ARREST & UNLAWFUL SEARCH AND SEIZURE)

44. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

45. Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

46. Accordingly, defendants are liable to plaintiff for false arrest and unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### SECOND CLAIM

### (EXCESSIVE FORCE)

47. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

48. The individual defendants' use of force upon plaintiff, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable and caused plaintiff pain and injury.

49. Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### THIRD CLAIM

### (VIOLATING PLAINTIFF'S RIGHT TO FREE SPEECH)

50. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51. Plaintiff exercised free speech during the incident by, among other things, telling the individual defendants that he had not committed a crime, that the officers were mistreating him and that the individual defendants were acting in an unlawful manner.

52. Plaintiff's use of free speech was a motivating factor in the individual defendants' decision to arrest, and prosecute him. Accordingly, defendants are liable to plaintiff under the First Amendment to the United States Constitution for violating plaintiff's right to free speech.

### FOURTH CLAIM

### (FAILURE TO SUPERVISE)

53. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

54. The supervisor defendants are liable to plaintiff because they supervised the subordinate individual defendants concerning above-mentioned unlawful acts against plaintiff, and approved their unlawful actions.

### FIFTH CLAIM

### (42 U.S.C. § 1983 CONSPIRACY)

55. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

56. Defendants are liable to plaintiff because they agreed to act in concert to inflict an unconstitutional injury; and committed an overt act done in furtherance of that goal causing damage to plaintiff.

### SIXTH CLAIM

### (42 U.S.C. § 1985 CONSPIRACY)

57. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

58. The individual defendants arrested plaintiff in continuation of defendant City of New York's custom, practice and/or policy of stopping and/or arresting individuals based on pretexts in order to meet productivity goals in minority and low-income neighborhoods.

59. Defendants are liable to plaintiff because they conspired against plaintiff based on racial or other invidiously discriminatory animus for the purpose of depriving plaintiff of equal protection of the privileges and immunities under the law, and committed an act in furtherance of the conspiracy, which injured plaintiff.

### SEVENTH CLAIM

### (MALICIOUS PROSECUTION)

60. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

61. Defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice,

the defendants initiated a malicious prosecution against plaintiff by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the criminal court(s), which alleged plaintiff had committed various crimes; and based upon these false statements, prosecutors prosecuted plaintiff until the case against plaintiff was dismissed in its entirety, terminating in plaintiff's favor.

62. The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

63. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution.

64. The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiff.

### EIGHTH CLAIM

### (FEDERAL MONELL CLAIM)

65. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

66. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

67. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

68. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

69. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop and/or arrest innocent individuals, based on pretexts, in order to meet productivity goals, in minority and low-income neighborhoods.

70. In addition, the following are municipal policies, practices and customs:

(a) arresting innocent individuals, based on a pretext, in order to meet productivity goals;

(b) fabricating evidence against individuals;

(c) using excessive force against individuals; and

(d) retaliating against individuals who engage in free speech.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

13

        b.    Punitive damages in an amount to be determined by a jury;

        c.    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

        d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
            May 31, 2011

                                      MICHAEL O. HUESTON, ESQ.
                                      MICHAEL P. KUSHNER, ESQ.
                                      *Attorneys for Plaintiff*
                                      350 Fifth Avenue, Suite 4810
                                      The Empire State Building
                                      New York, New York 10118
                                      (212) 643-2900
                                      (212) 202-2634
                                      mhueston@nyc.rr.com
                                      kushner.michael@gmail.com

                                      By: _____
                                          Michael P. Kushner, Esq.